UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERTRAM COLIN JOHNSON, | 1:13-cv-01607-AWI-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDER |
| vs. | |
| SIX UNKNOWN NAMES AGENTS, et al., | (Doc. 4.) |
| Defendants. | OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

On October 22, 2013, the court issued an order requiring plaintiff to file a signed complaint, and either submit an application to proceed in forma pauperis or pay the filing fee for this action, within thirty days. (Doc. 4.) The thirty day time period has expired, and plaintiff has not filed a signed complaint, paid the filing fee, submitted an application, or otherwise responded to the court's order.

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

///

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since October 7, 2013.  Plaintiff's failure to respond to the Court's order may reflect Plaintiff's disinterest in prosecuting this case.  In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not help himself by filing a signed complaint and resolving payment of the filing fee for his lawsuit, pursuant to the Court's order.  Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to respond to the Court's order that is causing delay.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Plaintiff has not paid the filing fee for this action, making it likely that Plaintiff is indigent, which would make monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available.  However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

Accordingly, the court HEREBY RECOMMENDS that this action be dismissed without prejudice, based on plaintiff's failure to obey the Court's order of October 22, 2013.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate

Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated:  **December 6, 2013**           **/s/ Gary S. Austin**
                                               UNITED STATES MAGISTRATE JUDGE